UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRAN SAMUEL HUGGINS,

                Petitioner,              Case No. 1:12-cv-1212

v.                                      Honorable Robert Holmes Bell

CINDI S. CURTIN,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Darran Samuel Huggins presently is incarcerated at the Oaks Correctional Facility, where he is serving sentences for armed robbery, Mich. Comp. Laws § 750.529, assault with intent to rob while armed, Mich. Comp. Laws § 750.89, and felony firearm, Mich. Comp. Laws § 750.227.  Petitioner was convicted of the foregoing offenses in Ingham County Circuit Court, and in January 2011 he was sentenced to prison terms of 9 to 40 years for the armed robbery and assault convictions, and 2 years for the felony-firearm conviction.

Petitioner appealed his judgment of sentence and conviction as of right to the Michigan Court of Appeals, which rejected his appeal on the merits on February 28, 2012.  Petitioner then sought leave to appeal to the Michigan Supreme Court, which denied leave on September 4, 2012, because it was not persuaded that the questions presented should be reviewed by that court. In his petition, Petitioner raises the following two issues, which he asserts were raised on direct appeal:

    I.      THE TRIAL COURT IRREVERSIBLY ERRED IN DENYING DEFENSE REQUEST FOR THE MISSING WITNESS INSTRUCTION, CJI 2d 5.12.

    II.     THE TRIAL COURT INCORRECTLY SCORED OFFENSE VARIABLE 14 AT 10 POINTS.

(Pet., docket #1, Page ID#4.)

**Discussion**

First, Petitioner contends that the state court erred by not issuing a missing-witness instruction, which reads:

> [State name of witness] is a missing witness whose appearance was the responsibility of the prosecution. You may infer that this witness's testimony would have been unfavorable to the prosecution's case.

*People v. Cook*, 702 N.W.2d 613, 615 n.3 (Mich. Ct. App. 2005).  Petitioner elaborates on this first

ground for relief as follows:

> The conviction on the case was based on hearsay and because key players who were involved in the case (Harris and Mask [etc.]) [sic] the prosecutor told the defense that they would use due diligence to secure witnesses.  The prosecut[ion] knew those witness[es] would hurt their case so they deliberately refused to contact them.

(Pet., docket #1, Page ID#4.)  The Michigan Court of Appeals rejected Petitioner's claim as follows:

> Defendant first argues that the trial court reversibly erred in denying his request for the missing witness jury instruction, CJI2d 5.12, because Harris and Mask were listed as witnesses by the prosecution and due diligence was not exercised to secure their appearance. We disagree.
> . . .
>
> When a witness is endorsed by the prosecutor under MCL 767.40a(3), the prosecutor must exercise due diligence to produce that witness at trial. *People v Eccles*, 260 Mich App 379, 388; 677 NW2d 76 (2004). The test for due diligence is one of reasonableness, "whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it." *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). A trial court's determination of due diligence is reviewed for an abuse of discretion. *Eccles*, 260 Mich App at 389. When the prosecution fails to produce an endorsed witness without proper excuse, the missing witness instruction, CJI2d 5.12, may be appropriate. *Perez*, 469 Mich at 420; *People v Cook*, 266 Mich App 290, 293 n 4; 702 NW2d 613 (2005). The instruction provides that a jury may infer that a missing witness' testimony would have been unfavorable to the prosecution. *Id.* at 293. Whether CJI2d 5.12 is appropriate depends on the facts of the particular case and the trial court's determination in that regard is reviewed for an abuse of discretion. *Eccles*, 260 Mich App at 389.
>
> Here, the prosecution failed to comply with MCL 767.40a(4), which permits the prosecution to remove a witness from its witness list "upon leave of the court and for good cause shown or by stipulation of the parties." *Perez*, 469 Mich at 420-421. Because Harris and Mask were listed on the prosecution's witness list, the prosecution was required to exercise due diligence to produce those witnesses. In support of the prosecution's claim that due diligence was exercised to produce these

witnesses, a detective testified that he used "all efforts available" to locate Harris but Harris could not be located. Mask, however, was located and he was incarcerated in a federal prison in Chicago. A writ was not sent in his regard, however, because it was not likely that the federal penitentiary would permit his attendance, even by court order. On appeal, defendant has presented no evidence to contradict these claims. And defense counsel admitted to the trial court that a private investigator was hired, with court funds, and the investigator failed to locate the witnesses. In light of the facts, the trial court's conclusion that the prosecution exercised due diligence to procure the testimony of Harris and Mask did not constitute an abuse of discretion. *See Eccles*, 260 Mich App at 389. And the trial court did not abuse its discretion when it denied defendant's request for the missing witness instruction. *See id.*

*People v. Huggins*, No. 302585 (Mich. Ct. App. Feb. 28, 2012).

As foregoing discussion indicates, the missing-witness instruction may be given when the prosecution fails to comply with its duty under Mich. Comp. Laws § 767.40a(3) to use due diligence to produce a witness that it has endorsed for trial. Petitioner apparently disagrees with the state court's conclusion that the prosecution exercised the requisite diligence.

The federal habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S.Ct. 13, 15 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). Generally, "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68. A perceived error of state law warrants habeas relief only if it "rises to the level of depriving the defendant of fundamental fairness in the trial process[.]" *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir.1993).

Here, Petitioner challenges a state-court determination on a question of state law. He

makes no showing that the decision prejudiced him or rendered his trial fundamentally unfair.

Consequently, his first claim is not cognizable in these proceedings.

Petitioner's second ground for relief, that the trial court improperly scored a

sentencing variable, is without merit for similar reasons. Petitioner elaborates on this claim as

follows:

> OV14 was scored at 10 points on grounds that Defendant was [a] leader in [a]
> multiple offender situation. [Mich. Comp. Laws §] 777.44(1)(a). When three or
> more offenders are involved only one offender may be determined a leader. The
> Defendant was [the] only one charged with a crime, therefor[e] only 1 person can be
> considered [an] offender.

(Pet., docket #1, Page ID#4.) The Michigan Court of Appeals addressed this claim as follows:

> Here, OV 14 was scored at ten points on the ground that defendant was a
> leader in a multiple offender situation. *See* MCL 777.44(1)(a). When scoring OV 14,
> the "entire criminal transaction should be considered." MCL 777.44(2)(a). When
> three or more offenders are involved, more than one offender may be determined to
> have been a leader. MCL 777.44(2)(b). In this case, there were at least four persons
> involved in this criminal transaction. However, defendant was the clear aggressor
> who personally pursued and confronted both Smedley and Dodd, demanding their
> money while pointing a gun at their heads. The record evidence clearly supported the
> trial court's scoring of OV 14 at ten points.

*People v. Huggins*, No. 302585 (Mich. Ct. App. Feb. 28, 2012).

Claims concerning the improper scoring of sentencing guidelines are state-law claims

that are typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370,

373–74 (1982) (federal courts normally do not review a sentence for a term of years that falls within

the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir.

2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas

relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich.1999) (the sentencing guidelines

establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604–05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106–07 (E.D. Mich.1987). Petitioner's challenge to the application of the multiple-offender variable to his sentencing score raises only a question of state law. Thus, he is not entitled to federal habeas relief for this claim.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.*

*Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: January 17, 2013                     /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE